IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |  | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | 12-CR-1916 WJ | |
| | ) | | |
| WILLIE BACHICHA, | ) | | |
| | ) | | |
| Defendant. | ) | | |

### UNOPPOSED MOTION TO CONTINUE TRIAL SETTING

Defendant Willie Bachicha by and through his counsel of record, Jason Bowles of Bowles Law Firm, hereby moves this Honorable Court for a continuance of the trial setting currently scheduled for April 1, 2013 and in support of his motion states:

The Speedy Trial Act requires that a federal criminal trial commence within seventy days of the later of the filing of the information or indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1); *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). The act excludes from the seventy-day period, inter alia, "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). However, this ends-of-justice exclusion is "meant to be a rarely used took for those cases demanding more flexible treatment." *Toombs*, 574 F.3d at 1269 (*quoting United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989) (internal quotations omitted).

Section 3161 (h)(7)(B) provides at least four separate factors, among others, that must be considered by a trial court in making its decision to grant a trial continuance. The record must clearly establish that the district court properly considered the factors at the time the continuance was granted.  Id. at 1269.  In this case, the most applicable factors are found at 18 U.S.C. § 3161(h)(7)(B)(i) AND (iv).

1. Trial in this matter is currently scheduled for April 1, 2013.

2. Counsel are waiting on the form 13 for Mr. Bachicha.

3. The parties have not had a chance to reach an agreement in this case, if one is to be reached.

4. The Federal Rules of Criminal Procedure, the Speedy Trial Act and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. See Fed.R.Crim.P. 11(c); 18 U.S.C. §3161(h)(1)(G); Fed.R.Evid.410.  To try a case where discovery may be incomplete, and where the prospect of settlement may be positively advanced by the parties, is contrary to the public interest in efficient closure to criminal proceedings. In the event a plea agreement may be reached by the parties, continuing a trial setting will likely save significant judicial resources. Accordingly, pursuant to 18 U.S.C. §3161(h)(7)(A), the ends of justice are served by granting this continuance and this outweighs the interest of the public and the Defendant in a speedy trial.

5. Assistant United States Attorney Linda Mott does not oppose this motion for continuance.

WHEREFORE, Defendant Willie Bachicha respectfully requests this Honorable Court grant his motion and continue the trial setting.

                                                        Respectfully submitted,

                                                        <u>/s/ Jason Bowles</u>
                                                        Jason Bowles
                                                        Bowles Law Firm
                                                        P.O. Box 25186
                                                        Albuquerque, N.M.  87125-5186
                                                        (505) 217-2680

I hereby certify that a true and correct copy of the foregoing was electronically submitted this 14th day of March, 2013 to:

Ms. Linda Mott
Assistant United States Attorney


<u>/s/ Jason Bowles</u>
Jason Bowles
Bowles Law Firm